UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ENGLISH #840718,

        Plaintiff,                           Hon. Jane M. Beckering

v.                                           Case No. 1:25-CV-817

CHEYENNE ENGLISH, et al.,

        Defendants.
_____/

## OPINION

Plaintiff initiated this action against his wife, Cheyenne English, and the Muskegon County Department of Health and Human Services.   (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   For the reasons articulated herein, Plaintiff's complaint will be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"    *Id.*    As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following.   Plaintiff and his wife were involved in a state court action concerning, at least in part, issues regarding the custody of their children.   Pursuant to this action, Plaintiff's wife was permitted to move with her children to Indiana despite Plaintiff's objection.   Claiming that his wife's actions constitute "parental kidnapping," Plaintiff requests that this Court order that his children be returned to Michigan.

2

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction.   A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing state court decisions.   As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court.   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The present action runs afoul of this limitation.   Plaintiff is requesting that this Court overturn a state court order concerning child custody matters arising under Michigan law.   This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal."   *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also*, *Lee v. Carroll County Child Protective Services,* 2025 WL 2267951 at *2 (W.D. Tenn., July 1, 2025) (federal court lacks jurisdiction over action seeking to challenge state court decision involving child custody matters); *Horner v. Michigan*, 2025 WL 907877 at *1 (E.D. Mich., Mar. 25, 2025) (same).   Accordingly, the Court will dismiss Plaintiff's action.

**<u>CONCLUSION</u>**

For the reasons discussed herein, the Court dismisses Plaintiff's complaint on the ground that it lacks jurisdiction to hear such.   The Court further finds that an appeal of this determination would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   An Order consistent with this Opinion will enter.


Dated: October 15, 2025                                  /s/ Jane M. Beckering
                                                         JANE M. BECKERING
                                                         United States District Judge